## SMITHEE, AGENT, VS. THE AUDITOR.

SWAMP LAND:   *When purchaser not entitled to refunding certificate.*
   A purchaser of swamp land which had been duly approved to the
   State, but for which he has received no patent, is not entitled to
   a refunding certificate merely because the State has re-sold and
   patented it to another.   His remedy is against the patentee for
   the land itself.

APPEAL from *Pulaski* Circuit Court.

HON. J. W. MARTIN, Circuit Judge.

*R. A. Howard and R. C. Newton,* for appellant.

A correct construction of the *Act of March* 18, 1881;
*Acts p.* 94, includes all moneys unjustly retained by the
State.   Jones' representatives cannot get patent or title,
and the State should give them back their money, to
which she has no right, and for which she had given no
"quid."

*Moore, Att'y Gen'l,* for appellee.

The lands were confirmed swamp lands and *rightfully*
sold.   The money was not "erroneously paid" nor erro-
neously received.

SMITH, J.   On the 27th of September, 1856, the State
Land Agent, for the Helena District, sold to William A.
Jones, large bodies of swamp lands, which had been
theretofore approved to the State, giving him a certifi-
cate of purchase, which recites that the purchaser had
paid the price thereof.   In 1871 the State, as it appears,
re-sold and conveyed to Moses A. Beach portions of the
same tracts.   Smithee, as agent for the legal representa-
tives of Jones, obtained from the Land Commissioner a
refunding certificate as for money erroneously paid into
the State treasury.   But the Auditor refused to issue
warrants upon such certificate, under the Act of March
18, 1881.

Smithee thereupon applied to the Circuit Court for a writ of mandamus to compel the Auditor to issue his warrants, but his prayer was denied.

Waiving the question whether Smithee is the proper party to sue, we will consider it as if the personal representative of Jones was before the Court.

To entitle the petitioner to this relief, it was necessary to show that the original purchase money was paid by Jones and received by the State, under some mistake either of law or of fact. But for aught that appears, the money was rightfully paid. The title to the lands was vested in the State by· Act of Congress, approved September 28th, 1850; they had been confirmed to the State by the action of the proper department of the general government before Jones bought; they were subject to sale, and the land agent was empowered to sell. How it came to pass that no patent was ever issued to Jones and that a patent was issued to Beach, the record does not disclose. But it is plain that whatever remedy Jones' heirs have, lies against the lands themselves in the hands of the subsequent purchaser and not against the State.

Judgment affirmed.